# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **MAGNACHIP SEMICONDUCTOR FINANCE COMPANY, <u>et al.</u>**,[1] | ) ) ) | Case No. 09-12008 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: August 27, 2009 at 3:00 p.m. Eastern Time
Hearing Date: August 27, 2009 at 3:00 p.m. Eastern Time[2]

## MOTION FOR ENTRY OF AN ORDER APPROVING (A) THE BACKSTOP COMMITMENT LETTER AND (B) THE REIMBURSEMENT OF CERTAIN FEES AND EXPENSES INCURRED IN CONNECTION THEREUNDER

The Official Committee of Unsecured Creditors (the "Committee") of MagnaChip Semiconductor Finance Company, *et al.*, the above captioned debtors and debtors in possession (collectively, the "Debtors") seeks entry of an order pursuant to section 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") approving (a) the backstop commitment letter (the "Backstop Commitment Letter") by Avenue Capital Management II, L.P. ("Avenue") and (b) the reimbursement of certain fees and expenses incurred in connection thereunder. In support of this motion (the "Motion"), the Committee respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, and their respective addresses, are: MagnaChip Semiconductor Finance Company (4144), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor LLC (5772), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor SA Holdings LLC, 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor, Inc. (8632), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor S.A. (9734), 74 Rue de Merl, B.P. 709, L-2017 Luxembourg; and MagnaChip Semiconductor B.V. (9827), 1043 BW Amsterdam, Naritaweg 165, the Netherlands.

[2] Both the objection deadline and hearing date are subject to entry of an order shortening notice with respect to this Motion.

## JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C.§ 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On June 12, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have operated as debtors in possession pursuant to section 1107 and 1108 of the Bankruptcy Code. On June 23, 2009, the Office of the United States Trustee appointed the Creditors' Committee.

3. On June 29, 2009 the Debtors filed the Joint Chapter 11 Plan of Liquidation Proposed by Magnachip Semiconductor Finance Company, *Et. Al.* and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien Collateral Agent (the "Debtors' Plan"), and the Disclosure Statement in Respect of Joint Chapter 11 Plan of Liquidation Proposed by Magnachip Semiconductor Finance Company, Et. Al. and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien Collateral Agent (the "Debtors' Disclosure Statement"). On August 3, 2009, the Court terminated the Debtors' exclusive period to file a plan as to the Creditor's Committee only.

4. On August 25, 2009, the Creditors' Committee filed the Joint Chapter 11 Plan of Reorganization Proposed by the Official Committee of Unsecured Creditors of Magnachip Semiconductor Finance Company, *et al.* (the "Committee's Plan"), and the Disclosure Statement in Respect of Joint Chapter 11 Plan of Reorganization Proposed by the Official Committee of

Unsecured Creditors of Magnachip Semiconductor Finance Company, *et al.* (the "Committee's Disclosure Statement").

5. The Committee's Plan proposes to obtain exit financing required for the emergence of the Debtors from Chapter 11 by offering (the "Offering") to certain eligible Second Lien Noteholders (the "Offering Participants") a right to subscribe for their pro rata share of $25 million in aggregate (the "Offering Amount") of new common units (the "New Common Units") of MagnaChip Semiconductor, LLC, representing approximately 84% of the New Common Units of LLC on the Effective Date, as more fully described in the Committee's Plan. To provide assurance that the Offering will be fully subscribed, Avenue (the "Backstop Purchaser") committed to backstop the Offering (the "Backstop Commitment") for the full Offering Amount, on the terms described in the Backstop Commitment Letter and in the Committee's Plan. In consideration for the Backstop Commitment, the Debtors will pay to the Backstop Purchaser, an amount in New Common Units equal to 10.0% of the New Common Units (the "Standby Commitment Fee").

**RELIEF REQUESTED**

6. For the reasons set forth herein, the Committee seeks an order pursuant to section 363(b)(1) of the Bankruptcy Code approving (a) the Backstop Commitment Letter and (b) the reimbursement of certain fees and expenses incurred in connection thereunder. A proposed order granting the foregoing relief is submitted concurrently herewith and is attached hereto as <u>Exhibit A</u> (the "Backstop Approval Order"). To the extent the Committee's Plan is not approved at the Confirmation Hearing, then the Standby Commitment Fee will not be paid. The Committee does not seek approval of the Offering, which will be sought at the Confirmation Hearing.

**The Backstop Commitment Letter**

7. The Debtors request approval to sign the Backstop Commitment Letter, a copy of which is attached as <u>Exhibit B</u>. The salient terms of the Backstop Commitment Letter are as follows:[3]

  (a) Pursuant to the Committee's Plan, each Offering Participant will receive an offer to participate in the Offering up to its respective pro rata holdings and will be required to accept such offer by the voting deadline to accept or reject the Committee's Plan in accordance with the procedures established in the Committee's Disclosure Statement; <u>provided</u>, <u>however</u>, that the Backstop Purchaser will be entitled to purchase a minimum allocation of 67% of the New Common Units issued pursuant to the Offering.[4]

  (b) The Backstop Commitment Letter is conditioned upon satisfaction of each of the conditions set forth in the Committee's Plan, and will be deemed fully earned and payable in full on the entry of an order (1) approving this Motion, regardless of whether the Offering is fully subscribed by eligible holders of the Second Lien Noteholder Claims, on or before September 25, 2009 and (2) confirming the Committee's Plan, which order shall become a final order not subject to stay, appeal or modification on or before October 5, 2009. The Standby Commitment Fee is nonrefundable, and will be paid in New Common Units.

  (d) The obligation of the Backstop Purchaser is further conditioned upon the completion of confirmatory due diligence by the Backstop Purchaser by September 14, 2009.

  (e) In the event that the Debtors enter into a financing transaction with parties other than the Backstop Purchaser and do not execute the Postconfirmation Organizational Documents (as defined in the Committee's Plan) and issue the New Common Units on the terms set forth in the Committee's Plan, <u>provided</u>, <u>however</u>, that if upon entering into the alternative financing transaction the Debtors will have more than $100,000,000 in debt or preferred equity financing, the break up fee will equal $6,000,000.

---

[3] The summary descriptions of the Backstop Commitment Letter contained herein are qualified at all times by the actual terms and conditions of the Letter itself.

[4] For purposes of the Backstop Commitment Letter, the term "pro rata" means (x) the total principal amount of Second Lien Noteholder Claims held by such Offeree divided by (y) the aggregate principal amount of Second Lien Noteholder Claims outstanding.

4

# DISCUSSION

**A.   The Standby Commitment Fee and Reimbursement of the Fees and
Expenses are Fair, Reasonable and Necessary Inducements for the
Backstop Participants' Guarantee of the Successful Exercise of the Offering**

8.   The Committee respectfully submits that the Standby Commitment Fee and the reimbursement of the fees and expenses are necessary inducements for the Backstop Purchaser to backstop the Offering. Moreover, the Committee believes that the Standby Commitment Fee (which equals 10% of the New Common Units issued pursuant to the Offering) and the reimbursement of the fees and expenses provided for in the Backstop Commitment Letter are fair, reasonable and necessary in light of the circumstances and the size of the Offering.

9.   Courts within this circuit, as well as courts in other circuits, have approved similar fees and expenses in connection with backstop agreements as a reasonable and necessary use of estate assets. *See, e.g., In re Dura Automotive Sys., Inc.*, Case No. 06-11202 (Bankr. D. Del. Aug. 17, 2007) (approving backstop fee that was equal to 4% of the proposed transaction and reimbursement of expenses incurred up to $1 million); *In re Foamex Int'l Inc.*, Case No. 05-12685 (Bankr. D. Del. Nov. 27, 2006) (approving backstop fee equal to 6.67% of transaction amount); *In re USG Corp.*, Case No. 01-2094 (Bankr. D. Del. Feb. 23, 2006) (approving backstop fee equal to 5.56% of transaction amount).

10.   While the Standby Commitment Fee appears to exceed the average backstop fee approved in this circuit, it is important to note that the Standby Commitment Fee primarily dilutes the Backstop Purchaser's equity stake. The Backstop Purchaser (i) currently holds approximately 50% of the Second Lien Noteholder Claims entitled to participate in the Offering, and (ii) is entitled to purchase a minimum allocation of 67% of the New Common Units issued pursuant to the Offering. Accordingly, the true "fee" component of the Standby Commitment

5

Fee - its dilutive effect on other participants in the Offering - is significantly lower than 10%, as this dilutive effect is primarily born by the Backstop Purchaser itself.

11.     The approval of the Backstop Commitment Letter is critical to the successful reorganization of all of the Debtors under the Committee's Plan. Full funding of the Offering is a condition precedent to the Committee's Plan becoming effective. If the Debtors are unable to consummate the Offering, confirmation of the Committee's Plan will be virtually impossible. The proceeds of the Debtors' $25 million rights offering contemplated by the Committee's Plan, provide the Debtors with sufficient capital and liquidity to successfully reorganize.

12.     Avenue has agreed that if the Debtors' Plan as filed on June 29, 2009 [DOCKET NO. 54] is confirmed, then fees and expenses incurred will not be reimbursed. In other words, Avenue will receive reimbursement of fees and expenses only if a plan of reorganization, other then the Debtors' Plan as filed on June 29, 2009 [DOCKET NO. 54] is confirmed.

13.     The Committee believes that the payment of the Standby Commitment Fee and the reimbursement of the fees and expenses, as set forth above and in the Backstop Commitment Letter (i) are fair and reasonable given the Backstop Purchaser's integral role in the Debtors' reorganization process and, and (ii) are consistent with fees and expense reimbursement paid to the providers of similar backstop commitments in other recent chapter 11 cases. Accordingly, the Committee submits that it is in the best interests of the Debtors' estates, their stakeholders and all other parties in interest for this Court to approve the Backstop Commitment Letter.

WHEREFORE, the Committee respectfully requests that the Court enter an order, in the form attached as <u>Exhibit A</u>: (a) granting this Motion; (b) approving the Backstop Commitment Letter; (c) approving the reimbursement certain fees and expenses incurred in connection therewith, contemplated by the Backstop Commitment Letter; and (d) granting such further relief as the Court deems necessary and just.

Dated: August 25, 2009

/s/ Howard A. Cohen
**DRINKER BIDDLE & REATH LLP**
Howard A. Cohen (DE 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Jeffrey D. Prol, Esq.
Nicole Stefanelli, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

*Counsel to the Official Committee of Unsecured Creditors*