IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MAGNACHIP SEMICONDUCTOR FINANCE COMPANY, et al.,[1] | ) Case No. 09-12008 (PJW) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

Re Docket Nos. 54, 55, 106, 140, 158, 212, 213 & 218

**ORDER (I) APPROVING VOTING PROCEDURES WITH RESPECT
TO (A) THE JOINT CHAPTER 11 PLAN OF LIQUIDATION OF MAGNACHIP
SEMICONDUCTOR FINANCE COMPANY, ET AL., AND UBS AG, STAMFORD
BRANCH, AS CREDIT AGREEMENT AGENT AND PRIORITY LIEN COLLATERAL
AGENT, AND (B) THE CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MAGNACHIP
SEMICONDUCTOR FINANCE COMPANY, ET AL. AND (II) APPROVING THE
SUBSCRIPTION FORM FOR PURPOSES OF THE OFFERING**

A hearing having been held on (the "Hearing") to consider (a) the *Debtors' Motion for an Order Approving Voting Procedures With Respect to the Joint Chapter 11 Plan of Liquidation Proposed by MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, As Creditor Agreement Agent and Priority Lien Collateral Agent* [Docket No. 106], as supplemented by the *Supplement to Debtors' Motion to Approve Voting Procedures with Respect to Joint Chapter 11 Plan of Liquidation of MagnaChip Semiconductor Finance Company et al., and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien Collateral Agent* [Docket No. 140] (together, the "Debtors' Motion") and (b) the *Motion to Approve (I) Voting Procedures With Respect to Chapter 11 Plan of Reorganization Proposed by the Official*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, and their respective addresses, are: MagnaChip Semiconductor Finance Company (4144), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor LLC (5772), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor SA Holdings LLC, 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor, Inc. (8632), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor S.A. (9734), 74 Rue de Merl, B.P. 709, L-2017 Luxembourg; and MagnaChip Semiconductor B.V. (9827), 1043 BW Amsterdam, Naritaweg 165, the Netherlands.

*Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al. and (II) Approving the Subscription Form for Purposes of the Offering* [Docket No. 218] (the "Committee's Motion", and together with the Debtors' Motion, the "Motions"), which Motions seek approval of certain voting procedures pursuant to section 1125 of the Bankruptcy Code with respect to (i) the *Joint Chapter 11 Plan of Liquidation Proposed by MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, As Credit Agreement Agent and Priority Lien Collateral Agent* [Docket No. 54] (the "Debtors' Plan") and the *Chapter 11 Plan of Reorganization Proposed by the Official Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al.* [Docket No. 212] (the "Committee's Plan" and, together with the Debtors' Plan, the "Competing Plans"), and (ii) the adequacy of the *Disclosure Statement in Respect of Joint Chapter 11 Plan of Liquidation Proposed by MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, As Credit Agreement Agent and Priority Lien Collateral Agent* [Docket No. 55] (the "Debtors' Disclosure Statement") and the *Disclosure Statement in Respect of Chapter 11 Plan of Reorganization Proposed by Official Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al.* [Docket No. 213] (the "Committee's Disclosure Statement" and, together with the Committee's Disclosure Statement, the "Competing Disclosure Statements"),[2] and it appearing that notice of such Motions were adequate and sufficient; and the appearances of all interested parties having been duly noted on the record of the Hearing; and each of the objections, if any, to the Motions having been either (a) withdrawn, or (b) overruled by the Court; and, upon the Motions, and the record of the Hearing and upon all of the proceedings heretofore had before the Court and after due deliberation and sufficient cause appearing therefore, it is

---

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed in the Debtors' Motion.

**ORDERED, FOUND, AND DETERMINED THAT:**

1. The forms of Ballots, substantially in the form of Exhibit "A" attached hereto, and the form of the Confirmation Notice, substantially in the form of Exhibit "B" attached hereto, are each approved.

2. The Debtors shall mail the Solicitation Packages only to all known holders of claims in the Voting Classes, <u>provided however</u>, that the Debtors shall mail the Solicitation Packages to all known holders of claims in Class 6(A-F) in the Committee's Plan because such voters are entitled to vote on the Committee's Plan. For purposes of this Order, Class 6(A-F) of the Committee's Plan but not the Debtors' Plan shall be included in the definition of the term "Voting Class"[3].

3. The Debtors shall mail only the Confirmation Notice to holders of Claims and Interests in the Non-Voting Classes and parties listed on Schedule G of the Schedules of the Debtors and shall not be required to mail either of the Competing Disclosure Statements or Competing Plans to such entities.

4. Only the Voting Classes may accept or reject the Plan. Each holder of a Claim who has filed a Proof of Claim in the Debtors' chapter 11 cases as to which Claim an objection is pending and is not resolved before the Confirmation Hearing shall not be permitted to vote on the either of the Competing Plans unless the holder of such Claim has obtained an order of the Court pursuant to Bankruptcy Rule 3018(a), temporarily allowing its Claim for the purposes of voting on the Plan.

---

[3] Class 6(A-F) of the Debtors' Plan is not entitled to vote thereon because it is deemed to have rejected the Debtors' Plan pursuant to 11 U.S.C. § 1126(g). However, Class 6(A-F) of the Committee's Plan is entitled to vote thereon.

5. July 29, 2009 is fixed as the Voting Record Date for purposes of determining (a) which creditors are entitled to receive a solicitation package and may be entitled to vote on either of the Competing Plans, subject to the disallowance of such Creditors' claims for voting purposes herein; and (b) the members of the Non-Voting Classes and parties listed on Schedule G of the Schedules entitled to receive the Confirmation Notice.

6. Any Ballot timely received that contains sufficient information to permit the identification of the claimant and is cast as an acceptance or rejection of a Competing Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the respective Competing Plan. Parties have the right (i) to accept each of the Competing Plans, (ii) to reject each of the Competing Plans, or (iii) to accept or reject only one of the Competing Plans. Parties will also have a right to indicate their preference between the Competing Plans.

7. Only the following holders of claims in the Classes 1, 2, 3 and 5 shall be entitled to vote to accept or reject both of the Competing Plans: (a) the holders of proofs of claim in Classes 1, 2, 3 and 5 filed against the Debtors as reflected on the official claims register maintained by the Solicitation Agent, for which there is no pending objection, and (b) the holders of scheduled claims in Classes 1, 2, 3 and 5 that are listed in the Debtors' Schedules, except for (I) those scheduled claims that are listed as contingent, unliquidated or disputed claims, and (II) scheduled claims that have been superseded by a timely filed proof of claim; *provided, however,* that the assignee of a transferred and assigned claim (whether a filed or scheduled claim) shall be permitted to vote such claim *only if* the transfer and assignment has been noted on the Court's docket as of the date the Court enters an order approving the Disclosure Statement.

8. For purposes of voting, the amount of a claim used to tabulate acceptance or rejection of the Competing Plans shall be the lesser of (i) the amount set forth on the ballot received for that particular creditor or (ii) the following (whichever one is greater):

    a. the amount set forth as a claim in the Schedules as not contingent, not unliquidated, and not disputed (excluding scheduled claims that have been superseded by filed claims);

    b. the amount set forth on a filed proof of claim which has been timely filed and has not been disallowed, disqualified, suspended, reduced, or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Competing Plans; or

    c. the amount estimated and temporarily allowed with respect to a claim pursuant to an order of this Court.

9. With respect to ballots submitted by a holder of a claim, pursuant to Sections 105 and 1126 of the Bankruptcy Code, it is directed as follows:

    a. a Claim that is the subject of a pending objection shall not be entitled to vote unless the Bankruptcy Court orders otherwise *provided however*, that if claim is objected to on the basis that such claim should be reduced and/or reclassified, then the claimant shall be permitted to vote in the reduced amount and pursuant to the reclassification set forth in the objection;

    b. any ballot which is returned to the Balloting Agent indicating acceptance or rejection of the Competing Plans but which is unsigned shall not be counted;

    c. a signed ballot that does not indicate acceptance or rejection for one or both of the respective Competing Plans shall not be counted with respect to such Competing Plan;

    d. if a creditor or interest holder casts simultaneous duplicative ballots voted inconsistently such ballots shall not be counted;

    e. each creditor or interest holder shall be deemed to have voted the full amount of its claim;

    f. creditors shall not split their votes within a claim; thus each creditor shall vote all of its claim within a particular class either to accept or reject the respective Competing Plans; ballots that partially reject and partially accept either of the respective Competing Plans shall not be counted with respect to such Competing Plan;

g. if a holder holds a claim in more than one class and is entitled to vote such claims, separate ballots must be used for each class of claim;

h. any creditor who votes to reject either of the Competing Plans shall be entitled to change their vote to accept such Competing Plan up to 4:00 p.m. (Prevailing Eastern Time) on the day prior to the Confirmation Hearing;

i. any ballot received by the Balloting Agent by telecopier, facsimile or other electronic communication shall not be counted;

j. ballots received with a stamped signature will be counted;

k. proofs of Claim otherwise filed in conformity with the procedures set forth in paragraph 17 of the Debtors' Motion as "unliquidated" or with no dollar amount specified, shall be tabulated as claims in the amount of $1; and

l. if a Ballot indicates a preference for more than one of the Competing Plans, the preferences will not be counted for either of the Competing Plans.

10. Solely with respect to those members of Class 4 (A-F) and Class 6 (A-F) of the Committee's Plan who are beneficial holders (collectively, the "Beneficial Holders") of the Second Lien Notes and the Subordinated Notes, respectively, and who are entitled to vote, the Debtors shall deliver a reasonably sufficient number of Solicitation Packages, including Beneficial Ballots to record holders of the Second Lien Notes and the Subordinated Notes, including, without limitation, brokers, banks, dealers or other agents or nominees (collectively, the "Voting Nominees") to distribute to Beneficial Holders of the Second Lien Notes and the Subordinated Notes on behalf of which the Voting Nominee acts. Master Ballots shall be delivered to Voting Nominees along with the Solicitation Packages. The Debtors shall be responsible for the Voting Nominees' reasonable customary out of pocket expenses associated with (i) distribution of the Beneficial Ballots and Solicitation Packages to the Beneficial Holders, (ii) tabulation of the Beneficial Ballots, (iii) compilation of the Master Ballots and (iv) reasonable expenses related to obtaining record holders as of the Voting Record Date.

11. Voting Nominees with respect to any Second Lien Notes or the Subordinated Notes are ordered to do the following no later than five (5) business days of the receipt of the Solicitation Packages:

    (i) forward a Solicitation Package (including a Beneficial Ballot) to each Beneficial Holder as of the Voting Record Date and include a return envelope provided by and addressed to the Voting Nominee so that the Beneficial Holder can return the completed Beneficial Ballot directly to the Voting Nominee. The Voting Nominee should advise the Beneficial Holders to return their Beneficial Ballots to the Voting Nominee by a date calculated by the Voting Nominee to allow it to prepare and return the Master Ballot to the Balloting Agent by the Voting Deadline. After Beneficial Ballots are returned, the Voting Nominee will summarize on the appropriate Master Ballot the votes and other Beneficial Ballot information of its respective Beneficial Holders as reflected in all properly completed and signed Beneficial Ballots, and then return the Master Ballot to the Balloting Agent by the Balloting Deadline (as defined in the Voting Procedures Motion); or, alternatively

    (ii) distribute pre-validated Ballots pursuant to the following procedures:

        (a) the Voting Nominee shall forward to each Beneficial Holder as of the Voting Record Date a Solicitation Package, (including (i) a Beneficial Ballot that has been prevalidated, as indicated in paragraph (b) below; and (ii) a return envelope provided by and addressed to the Balloting Agent);

        (b) to pre-validate a ballot, the Voting Nominee should complete and execute the Beneficial Ballot (other than Items 2, 3, 4 and 5 on the Beneficial Ballot) and indicate on the Beneficial Ballot the name of the Voting Nominee, the amount of securities held by the Voting Nominee for the Beneficial Holder and the account number(s) for the account(s) in which such securities are held by the Nominee; and

        (c) the Beneficial Holder shall return the pre-validated Ballot to the Balloting Agent by the Balloting Deadline.

12. With respect to the tabulation of Master Ballots cast by Voting Nominees, for purposes of voting, the amount that shall be used to tabulate acceptance or rejection of the Competing Plans shall be the principal amount held as of the Voting Record Date (the "Record

Amount"). The following additional rules shall apply to the tabulation of Master Ballots and Ballots cast by Voting Nominees and Beneficial Holders:

(i) To be counted as a vote to accept or reject the Competing Plans, each Beneficial Ballot, Master Ballot and prevalidated Beneficial Ballot must be properly executed, completed and the original thereof delivered to the Balloting Agent so as to be actually received by the Balloting Agent no later than September 21, 2009 at 4:00 p.m. (prevailing Eastern Time), which is the same Balloting Deadline for other members of the Voting Classes as set forth in the Voting Procedures Motion.

(ii) If a claim holder submits more than one Beneficial Ballot to the Voting Nominee(s), (a) the latest dated Beneficial Ballot received before the submission deadline imposed by the Voting Nominee shall be deemed to supersede any prior Beneficial Ballots submitted by the a claim holder; and (b) the Voting Nominee shall complete the Master Ballot accordingly.

(iii) Votes cast by Beneficial Holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Beneficial Ballots, will not be counted in excess of the record amount of such securities held by such Voting Nominee.

(iv) To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Beneficial Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Voting Nominees.

(v) To the extent that overvotes on a Master Ballot or prevalidated Beneficial Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Competing Plans in the same proportion as the votes to accept and reject the Competing Plans submitted on the Master Ballot or prevalidated Beneficial Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the security.

(vi) For purposes of tabulating votes, each Voting Nominee or Beneficial Holder will be deemed to have voted the principal amount and interest relating to such security.

(vii) All Voting Nominees are required to keep the original Beneficial Ballots received from Beneficial Holders for a period of at least one (1) year after the Balloting Deadline.

8

13. The Subscription Forms, substantially in the form annexed hereto as Exhibit "C", are approved.

14. The Court will conduct a hearing to consider confirmation of the Competing Plans on September 25, 2009 at 10:00 a.m. prevailing Eastern time.

15. The following dates and procedures with respect to the Competing Plans are hereby established:

   a. August 31, 2009, or such other date set by the Bankruptcy Court, shall be the deadline for the Debtors to serve the Solicitation Packages;

   b. September 21, 2009 at 4:00 p.m. (prevailing Eastern time) (the "Balloting Deadline"), or such other date set by the Bankruptcy Court, shall be the deadline by which ballots to accept or reject the Competing Plans shall be received from eligible creditors. Unless otherwise specifically ordered by the Court with respect to a specific ballot, all ballots must be completed, signed returned to and actually received by the Balloting Agent on or before the Balloting Deadline in order to be counted;

   c. September 21, 2009 at 4:00 p.m. (ET), or such other date as set by the Bankruptcy Court, shall be the deadline to file and serve any objections and evidence in opposition to confirmation of the Competing Plans, which must be (i) in writing; (ii) set forth in detail the name and address of the party filing the objection, the grounds for the objection, any evidentiary support therefore in the nature of the declarations submitted under penalty of perjury, and the amount of the objector's claims or such other grounds that give the objector standing to assert the objection; and (iii) be served upon the parties at the addresses set forth in the Confirmation Notice. Any objection not properly and timely filed and served shall be deemed to be waived and to constitute a consent to the Court's entry of an order confirming either of the Competing Plans;

   d. September 24, 2009 at 12:00 p.m. (ET), or such other date as set by the Bankruptcy Court, shall be the deadline for either the Debtors or the Creditors' Committee to submit a brief in support of confirmation of either of the Competing Plans should they choose to file one; and

e. September 24, 2009, or such other date as set by the Bankruptcy Court, shall be the deadline to submit a summary of the tabulation of ballots received with respect to the Competing Plans.

Dated August 31, 2009

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE