## COMPLETE THE FOLLOWING:

Item 1.

Certification of Authority to Vote. The undersigned certifies that as of July 29, 2009 (the Voting Record Date under the Plan), the undersigned (please check the applicable box):

☐   Is a broker, bank or other nominee for the beneficial holders of the principal amount of the Subordinated Notes listed in Item 2 below, and is the registered holder thereof, or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank or other nominee that is the registered holder of the principal amount of Subordinated Notes listed in Item 2 below, or

☐   Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other nominee, or a beneficial holder, that is the registered holder of the principal amount of the Subordinated Notes listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Committee's Plan, on behalf of the beneficial holders of the Subordinated Notes described in Items 2, 3 and 4.

Items 2,3 and 4.

Vote and Indication of Whether Beneficial Holder is a U.S. citizen.[4] The undersigned transmits the following for the Beneficial Holders for which the undersigned is the Voting Nominee: (1) votes to accept or reject the Committee's Plan, (2) indications by any Beneficial Holders that such Beneficial Holders are "U.S. Citizens" within the meaning of section 40102 of title 49 of the United States Code and (3) whether such Beneficial Holders elect to opt out of the Plan Release. The undersigned certifies that the Beneficial Holders identified by their respective customer account numbers set forth below are Beneficial Holders of the Subordinated Notes as of the July 29, 2009 record date and have delivered to the undersigned, as Voting Nominee, properly executed beneficial ballots ("Beneficial Ballots") casting such votes on the Committee's Plan and indications by any Beneficial Holders that such Beneficial Holders are U.S. Citizens as the undersigned has set forth below.

Please indicate the requested information in the appropriate column. For purposes of this Master Ballot, accrued or unmatured interest should not be included in the principal amount voted for each account. Please note that each Beneficial Holder must vote all of his, her, or its claim relating to the Subordinated Notes either to accept or reject the Committee's Plan, and may not split such vote. If there is insufficient space, please attach the requested information to this Master Ballot in the form of the table below.

---

[4] The term "Citizen of the United States," as defined in section 40102 of title 49 of the United States Code, means "(A) an individual who is a citizen of the United States; (B) a partnership each of whose partners is an individual who is a citizen of the United States; or (C) a corporation or association organized under the laws of the United States or a State, the District of Columbia, or a territory or possession of the United States, of which the president and at least two-thirds of the board of directors and other managing officers are citizens of the United States, and in which at least 75 percent of the voting interest is owned or controlled by persons that are citizens of the United States." In addition, the U.S. Department of Transportation has interpreted subsection (B) to permit any entity other than an individual to be a partner so long as the entity is a citizen of the United States.

| YOUR Customer Account Number for Each Beneficial Holder | Principal Amount in this Account | Item 2. **Vote on the Committee's Plan:** Check to indicate how beneficial holder voted. | Item 3. Check Column if Beneficial Holder opted out of Plan Release | Item 4. Check column if Beneficial Holder had indicated it is a U.S. Citizen |
|---|---|---|---|---|
| 1. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 2. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 3. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 4. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 5. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 6. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 7. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 8. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 9. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 10. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |

| Item 5 | Transcription. The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Holders in Item 4 of the Beneficial Holder's Beneficial Ballots, identifying any Notes for which such beneficial owners have submitted other ballots other than to the undersigned: |
|---|---|

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Ballot. | Transcribe from Item 4 of the Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Registered Holder of Nominee | CUSIP Number of each Subordinated Note Voted | Principal Amount of Subordinated Notes |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

**Item 5.**

Certification. By signing this Master Ballot, the undersigned certifies that each Beneficial Holder listed in Items 2, 3 and 4, above, (i) has been provided with a copy of the Committee's Plan, Committee's Disclosure Statement, Committee's Disclosure Statement Order, and a Beneficial Ballot), (ii) acknowledges that the solicitation of votes for the Committee's Plan is subject to all the terms and conditions set forth in the Committee's Disclosure Statement Order and the Committee's Disclosure Statement, (iii) received a properly completed and signed Beneficial Ballot from each Beneficial Holder listed above, (iv) accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Holder, and (v) certifies that under penalty of perjury, its election in Item 4 with respect to U.S. citizenship is truthful and correct.

Name of Broker, Bank or Other Nominee:

_____
(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Broker, Bank or Other Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:

_____

Signature: _____

Print Name: _____

By: _____
            (If Appropriate)

Title: _____
            (If Appropriate)

Street Address: _____

_____

City, State, Zip Code: _____

_____

Telephone Number: __(___)_____
                         (Including Area Code)

Date Completed: _____

THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE BALLOTING
AGENT, **MAGNACHIP SEMICONDUCTOR, c/o Omni Management Group, LLC, 16161
Ventura Blvd., Ste C, PMB 448, Encino, CA 91436**, BEFORE 4:00 P.M. (PREVAILING
EASTERN TIME), ON SEPTEMBER 21, 2009, OR THE VOTES TRANSMITTED HEREBY
WILL NOT BE COUNTED.

PLEASE NOTE: THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS OR MASTER
BALLOTS BY FACSIMILE TRANSMISSION.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE COMMITTEE'S PLAN OR THE COMMITTEE'S DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL OMNI MANAGEMENT GROUP, LLC, ATTN: BRIAN OSBOURNE, 16161 VENTURA BLVD., STE C, PMB 448, ENCINO, CA 91436, TELEPHONE (818) 906-8300.

## VOTING INSTRUCTIONS

The Master Ballot is to be used by Voting Nominees to transmit on behalf of holders of public securities of the Debtors: (1) votes cast by Beneficial Holders to accept or reject the Committee's Plan referred to in the Committee's Disclosure Statement; and (2) indications by any Beneficial Holders if such Beneficial Holders are U.S. Citizens. The Committee's Disclosure Statement, Committee's Plan, and other related documents are available by contacting the Debtors' Balloting Agent, Omni Management Group, LLC, Attn: Brian Osbourne, 16161 Ventura Blvd., Ste C, PMB 448, Encino, CA 91436, telephone (818) 906-8300. All capitalized terms used in this Master Ballot or in these instructions but not otherwise defined herein have the meaning ascribed to them in the Committee's Disclosure Statement, the Committee's Plans or the Committee's Disclosure Statement Order, as the case may be.

If you are transmitting the vote of any Beneficial Holder other than yourself, you may *either*:

> Complete and execute the Beneficial Holder Ballots (other than Items 2, 3, 4 and 5), including the Voting Nominee's name and beneficial holder account number, and deliver to the Beneficial Holder such "prevalidated" Beneficial Holder Ballots, along with a copy of the Committee's Plan, Committee's Disclosure Statement, and Committee's Disclosure Statement Order and other materials requested to be forwarded. The Beneficial Holder should complete Items 2, 3, 4 and 5 of its pre-validated Beneficial Ballot and return the completed Beneficial Ballot to the Balloting Agent so as to be received before the Balloting Deadline.

### OR

> For Beneficial Holder Ballot you do not "pre-validate":

>> Deliver the Beneficial Holder Ballot to the Beneficial Holder, along with the Committee's Disclosure Statement and Committee's Plan and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Holder to (i) complete and execute such Beneficial Ballot voting to accept or reject the Committee's Plan and completing the other items as appropriate; and (ii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent so as to be received before the Balloting Deadline of 4:00 P.M. (Prevailing Eastern Time), on September 21, 2009 at the following address:

>> MAGNACHIP SEMICONDUCTOR
>> C/O OMNI MANAGEMENT GROUP, LLC
>> 16161 VENTURA BLVD., STE C
>> PMB 448
>> ENCINO, CA 91436

With respect to all Beneficial Holder Ballots returned to you, please properly complete the Master Ballot as follows:

Provide appropriate information for each of the items on the Master Ballot. Please note that Items, 2, 3, 4 and 5 request information for each individual Beneficial Holder for whom you hold general beneficial holder claims in your name. To identify such Beneficial Holders, please use the customer name and/or account number assigned by you to each such Beneficial Holder.

If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

Sign and Date your Master Ballot.

If you are completing the Master Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.

Provide your name and other requested information.

Deliver the Master Ballot to the Balloting Agent so as to be actually received before the Balloting Deadline of 4:00 P.M. (prevailing Eastern Time), on September 21, 2009.

If you are both the registered holder and the Beneficial Holder of any Subordinated Notes and you wish to vote such Subordinated Notes, you may return either a Beneficial Ballot or a Master Ballot to the Balloting Agent before the Balloting Deadline.

**Pursuant to the Disclosure Statement Orders, all original Beneficial Ballots received from Beneficial Holders must be kept by you until at least one year after the Balloting Deadline (or such other date as is set by subsequent Bankruptcy Court order). You may be ordered to produce the original Beneficial Ballots to the Debtors or the Bankruptcy Court.**

If a Master Ballot is actually received after the Balloting Deadline it will not be counted. The method of delivery of a Master Ballot to the Balloting Agent is at the election and risk of each entity. Instead of effecting delivery by mail, it is recommended, though not required, that you use an overnight or personal delivery service. In all cases, sufficient time should be allowed to assure timely delivery.

**Master Ballots should only be sent to the Balloting Agent.** They should not be sent to the Debtors, the Creditors' Committee any other agent, or the Debtors' or Creditors' Committee's financial or legal advisors.

The Master Ballot is *not* a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Committee's Plan. Beneficial Holders should not surrender their Subordinated Notes at this time. The Balloting Agent will not accept delivery of any Subordinated Notes transmitted with a Master Ballot.

If multiple Master Ballots, Beneficial Ballots or any other ballots are received from or on behalf of the same creditor with respect to the same claims prior to the Balloting Deadline, the latest dated Master Ballot, Beneficial Ballot or any other ballot timely received will supersede and revoke any earlier received Master Ballot, Beneficial Ballot or any other ballot.

No Master Ballot, Beneficial Ballot or any other ballot shall constitute or be deemed to be a proof of claim or an assertion or admission of a claim.

The following rules shall apply to Master Ballots: (i) Votes cast by Beneficial Holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of the Voting Record Date, as evidenced by the record and depository listings; (ii) Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee; (iii) to the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Voting Nominees; (iv) to the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Committee's Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the security; and (v) for purposes of tabulating votes, each Voting Nominee or Beneficial Holder will be deemed to have voted the principal amount relating to such security, although the Balloting Agent may be asked to adjust such principal amount to reflect the claim amount, including prepetition interest.

A creditor must vote all of its claims within a particular Plan class either to accept or reject the Committee's Plan and may not split its vote. Accordingly, a Master Ballot, Beneficial Ballot or any other ballot on behalf of a creditor's claims within the same class purporting to partially reject and partially accept the Committee's Plan will be deemed an acceptance of the Committee's Plan.

Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Master Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Balloting Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Master Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

If you believe you have received the wrong Beneficial Ballot(s) or Master Ballot, please contact the Balloting Agent immediately.

We will, upon request, reimburse you for reasonable customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to the Beneficial Holders for whom you are the Voting Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Beneficial Ballots with respect to the Plan.

**PLEASE DELIVER YOUR MASTER BALLOT PROMPTLY.**

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE BALLOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE COMMITTEE'S PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, COMMITTEE'S DISCLOSURE STATEMENT, COMMITTEE'S PLAN OR OTHER RELATED MATERIALS, PLEASE CALL THE DEBTORS' BALLOTING AGENT, OMNI MANAGEMENT GROUP, LLC, ATTN: BRIAN OSBOURNE, TELEPHONE (818) 906-8300

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MAGNACHIP SEMICONDUCTOR FINANCE | ) | Case No. 09-12008 (PJW) |
| COMPANY, et al.,[5] | ) | |
| Debtors. | ) | |
| | ) | |

**CLASS 6(C) MASTER BALLOT TO ACCEPT OR REJECT *CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MAGNACHIP SEMICONDUCTOR FINANCE COMPANY, ET AL.***

GENERAL MASTER BALLOT FOR VOTING NOMINEES OF CLASS 6(C) CLAIMS

YOUR MASTER BALLOT MUST BE *ACTUALLY RECEIVED* BY THE BALLOTING AGENT ON OR **BEFORE THE BALLOTING DEADLINE OF 4:00 P.M.** (PREVAILING EASTERN TIME) ON SEPTEMBER 21, 2009 OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.

Enclosed is (i) the *Joint Chapter 11 Plan of Reorganization Proposed By the Official Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al.* (the "Committee's Plan") proposed by the Official Committee of Unsecured Creditors (the "Creditors' Committee") and (ii) the *Disclosure Statement in Respect of Joint Chapter 11 Plan of Reorganization Proposed By the Official Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al.* (the "Committee's Disclosure Statement").

The above-captioned debtors and debtors in possession, (collectively, the "Debtors"), have filed the *Disclosure Statement in Respect of Joint Chapter 11 Plan of Liquidation for MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien Collateral Agent* (the "Debtors' Disclosure Statement" and together with the Committee's Disclosure Statement, the "Competing Disclosure Statements") and the *Joint Chapter 11 Plan of Liquidation for MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien* Collateral Agent (the "Debtors' Plan" and together with the Committee's Plan, the "Competing Plans"). On July 31, 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order pursuant to section 1125 of the Bankruptcy Code approving the Debtors' Disclosure Statement (the "Debtors' Disclosure Statement Order"). On August 28, 2009, the

---

[5] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, and their respective addresses, are: MagnaChip Semiconductor Finance Company (4144), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor LLC (5772), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor SA Holdings LLC, 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor, Inc. (8632), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor S.A. (9734), 74 Rue de Merl, B.P. 709, L-2017 Luxembourg; and MagnaChip Semiconductor B.V. (9827), 1043 BW Amsterdam, Naritaweg 165, the Netherlands.

Bankruptcy Court entered an order pursuant to section 1125 of the Bankruptcy Code approving the Committee's Disclosure Statement (the "Committee's Disclosure Statement Order").

**Under the Debtors' Plan, holders of claims in Class 6(C) are not entitled to receive or retain any property on account of such claims and interests in the Debtors and, therefore (i) are deemed to have rejected the Debtors' Plan and (ii) are not entitled to vote on the Debtors' Plan. As such, holders of claims in Class 6(C) are not receiving a ballot with respect to the Debtors' Plan.**

The Bankruptcy Court may confirm either of the Competing Plans if, among other things, it has been accepted by creditors holding claims totaling at least two-thirds in amount and more than one-half in number of all claims in each class voting on such Competing Plan. Even if all classes do not accept a Competing Plan, the Bankruptcy Court may confirm such Competing Plan if the treatment afforded the class or classes rejecting such Competing Plan satisfies the Bankruptcy Code section 1129(b) standard for nonconsensual confirmation. **If the Bankruptcy Court confirms either of the Competing Plans, it will be binding on you.**

Class 6(C) is comprised of the holders of approximately $250 million in aggregate principal amount of senior subordinated notes pursuant to that certain Indenture, dated as of December 23, 2004, providing for the issuance of *8% Senior Subordinated Notes due 2014,* by and among Luxco and Finco, as issuers; the Subordinated Note Trustee; and the Subordinated Note Guarantors (together, the "Subordinated Notes"). This Master Ballot is to be used by you as a broker, bank, dealer or other agent or nominee (each a "Voting Nominee") to transmit the votes of holders ("Beneficial Holders") of the Subordinated Notes. Before you transmit such votes, please carefully review the (i) Committee's Disclosure Statement and (ii) Committee's Disclosure Statement Order.

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Committee's Plan.

**READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE BALLOTING AGENT, BEFORE THE BALLOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME), ON SEPTEMBER 21, 2009. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE BALLOTING DEADLINE AND THE BALLOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.**

You should review the Committee's Disclosure Statement, the Committee's Plan, and the Committee's Disclosure Statement Order before you transmit votes with this Master Ballot. You or the Beneficial Holders for whom you are the Voting Nominee may wish to seek legal advice concerning the Committee's Plan and the classification and treatment of the Subordinated Notes under the Committee's Plan. Holders of claims in more than one class will receive a ballot for each class (or account) in which such holders are entitled to vote.

If the Committee's Plan is confirmed by the Bankruptcy Court, it will be binding on you and the Beneficial Holders for whom you are the Voting Nominee, whether or not such holders vote and whether or not any votes are transmitted by this Master Ballot.

**COMPLETE THE FOLLOWING:**

Item 1.

Certification of Authority to Vote. The undersigned certifies that as of July 29, 2009 (the Voting Record Date under the Plan), the undersigned (please check the applicable box):

☐   Is a broker, bank or other nominee for the beneficial holders of the principal amount of the Subordinated Notes listed in Item 2 below, and is the registered holder thereof, or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank or other nominee that is the registered holder of the principal amount of Subordinated Notes listed in Item 2 below, or

☐   Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other nominee, or a beneficial holder, that is the registered holder of the principal amount of the Subordinated Notes listed in Item 2 below,

**and, accordingly, has full power and authority to vote to accept or reject the Committee's Plan, on behalf of the beneficial holders of the Subordinated Notes described in Items 2, 3 and 4.**

Items 2, 3 and 4.

Vote and Indication of Whether Beneficial Holder is a U.S. citizen.[6] The undersigned transmits the following for the Beneficial Holders for which the undersigned is the Voting Nominee: (1) votes to accept or reject the Committee's Plan, (2) indications by any Beneficial Holders that such Beneficial Holders are "U.S. Citizens" within the meaning of section 40102 of title 49 of the United States Code and (3) whether such Beneficial Holders elect to opt out of the Plan Release. The undersigned certifies that the Beneficial Holders identified by their respective customer account numbers set forth below are Beneficial Holders of the Subordinated Notes as of the July 29, 2009 record date and have delivered to the undersigned, as Voting Nominee, properly executed beneficial ballots ("Beneficial Ballots") casting such votes on the Committee's Plan and indications by any Beneficial Holders that such Beneficial Holders are U.S. Citizens as the undersigned has set forth below.

Please indicate the requested information in the appropriate column. For purposes of this Master Ballot, accrued or unmatured interest should not be included in the principal amount voted for each account. Please note that each Beneficial Holder must vote all of his, her, or its claim relating to the Subordinated Notes either to accept or reject the Committee's Plan, and may not split such vote. If there is insufficient space, please attach the requested information to this Master Ballot in the form of the table below.

---

[6] The term "Citizen of the United States," as defined in section 40102 of title 49 of the United States Code, means "(A) an individual who is a citizen of the United States; (B) a partnership each of whose partners is an individual who is a citizen of the United States; or (C) a corporation or association organized under the laws of the United States or a State, the District of Columbia, or a territory or possession of the United States, of which the president and at least two-thirds of the board of directors and other managing officers are citizens of the United States, and in which at least 75 percent of the voting interest is owned or controlled by persons that arc citizens of the United States." In addition, the U.S. Department of Transportation has interpreted subsection (B) to permit any entity other than an individual to be a partner so long as the entity is a citizen of the United States.

| YOUR Customer Account Number for Each Beneficial Holder | Principal Amount in this Account | Item 2. **Vote on the Committee's Plan:** Check to indicate how beneficial holder voted. | Item 3. Check Column if Beneficial Holder opted out of Plan Release | Item 4. Check column if Beneficial Holder had indicated it is a U.S. Citizen |
|---|---|---|---|---|
| 1. | $ | ☐ **ACCEPT the Plan**<br><br>☐ **REJECT the Plan** | | |
| 2. | $ | ☐ **ACCEPT the Plan**<br><br>☐ **REJECT the Plan** | | |
| 3. | $ | ☐ **ACCEPT the Plan**<br><br>☐ **REJECT the Plan** | | |
| 4. | $ | ☐ **ACCEPT the Plan**<br><br>☐ **REJECT the Plan** | | |
| 5. | $ | ☐ **ACCEPT the Plan**<br><br>☐ **REJECT the Plan** | | |
| 6. | $ | ☐ **ACCEPT the Plan**<br><br>☐ **REJECT the Plan** | | |
| 7. | $ | ☐ **ACCEPT the Plan**<br><br>☐ **REJECT the Plan** | | |
| 8. | $ | ☐ **ACCEPT the Plan**<br><br>☐ **REJECT the Plan** | | |
| 9. | $ | ☐ **ACCEPT the Plan**<br><br>☐ **REJECT the Plan** | | |
| 10. | $ | ☐ **ACCEPT the Plan**<br><br>☐ **REJECT the Plan** | | |

| Item 5 | Transcription. The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Holders in Item 4 of the Beneficial Holder's Beneficial Ballots, identifying any Notes for which such beneficial owners have submitted other ballots other than to the undersigned: |
|---|---|

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Ballot. | Transcribe from Item 4 of the Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Registered Holder of Nominee | CUSIP Number of each Subordinated Note Voted | Principal Amount of Subordinated Notes |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

| Item 5. | Certification. By signing this Master Ballot, the undersigned certifies that each Beneficial Holder listed in Items 2, 3 and 4, above, (i) has been provided with a copy of the Committee's Plan, Committee's Disclosure Statement, Committee's Disclosure Statement Order, and a Beneficial Ballot), (ii) acknowledges that the solicitation of votes for the Committee's Plan is subject to all the terms and conditions set forth in the Committee's Disclosure Statement Order and the Committee's Disclosure Statement, (iii) received a properly completed and signed Beneficial Ballot from each Beneficial Holder listed above, (iv) accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Holder, and (v) certifies that under penalty of perjury, its election in Item 4 with respect to U.S. citizenship is truthful and correct. |
|---|---|

Name of Broker, Bank or Other Nominee:

_____

(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Broker, Bank or Other Nominee (if applicable):

_____

(Print or Type)

Social Security or Federal Tax I.D. No.:

_____

Signature: _____

Print Name: _____

By: _____
(If Appropriate)

Title: _____
(If Appropriate)

Street Address: _____

_____

City, State, Zip Code: _____

_____

Telephone Number: __(___)_____
(Including Area Code)

Date Completed: _____

THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE BALLOTING
AGENT, **MAGNACHIP SEMICONDUCTOR, c/o Omni Management Group, LLC, 16161
Ventura Blvd., Ste C, PMB 448, Encino, CA 91436,** BEFORE 4:00 P.M. (PREVAILING
EASTERN TIME), ON SEPTEMBER 21, 2009, OR THE VOTES TRANSMITTED HEREBY
WILL NOT BE COUNTED.

PLEASE NOTE: THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS OR MASTER
BALLOTS BY FACSIMILE TRANSMISSION.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE COMMITTEE'S PLAN OR THE COMMITTEE'S DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL OMNI MANAGEMENT GROUP, LLC, ATTN: BRIAN OSBOURNE, 16161 VENTURA BLVD., STE C, PMB 448, ENCINO, CA 91436, TELEPHONE (818) 906-8300.

## VOTING INSTRUCTIONS

The Master Ballot is to be used by Voting Nominees to transmit on behalf of holders of public securities of the Debtors: (1) votes cast by Beneficial Holders to accept or reject the Committee's Plan referred to in the Committee's Disclosure Statement; and (2) indications by any Beneficial Holders if such Beneficial Holders are U.S. Citizens. The Committee's Disclosure Statement, Committee's Plan, and other related documents are available by contacting the Debtors' Balloting Agent, Omni Management Group, LLC, Attn: Brian Osbourne, 16161 Ventura Blvd., Ste C, PMB 448, Encino, CA 91436, telephone (818) 906-8300. All capitalized terms used in this Master Ballot or in these instructions but not otherwise defined herein have the meaning ascribed to them in the Committee's Disclosure Statement, the Committee's Plans or the Committee's Disclosure Statement Order, as the case may be.

If you are transmitting the vote of any Beneficial Holder other than yourself, you may *either*:

> Complete and execute the Beneficial Holder Ballots (other than Items 2, 3, 4 and 5), including the Voting Nominee's name and beneficial holder account number, and deliver to the Beneficial Holder such "prevalidated" Beneficial Holder Ballots, along with a copy of the Committee's Plan, Committee's Disclosure Statement, and Committee's Disclosure Statement Order and other materials requested to be forwarded. The Beneficial Holder should complete Items 2, 3, 4 and 5 of its pre-validated Beneficial Ballot and return the completed Beneficial Ballot to the Balloting Agent so as to be received before the Balloting Deadline.

### OR

> For Beneficial Holder Ballot you do not "pre-validate":

>> Deliver the Beneficial Holder Ballot to the Beneficial Holder, along with the Committee's Disclosure Statement and Committee's Plan and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Holder to (i) complete and execute such Beneficial Ballot voting to accept or reject the Committee's Plan and completing the other items as appropriate; and (ii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent so as to be received before the Balloting Deadline of 4:00 P.M. (Prevailing Eastern Time), on September 21, 2009 at the following address:

>> MAGNACHIP SEMICONDUCTOR
>> C/O OMNI MANAGEMENT GROUP, LLC
>> 16161 VENTURA BLVD., STE C
>> PMB 448
>> ENCINO, CA 91436

With respect to all Beneficial Holder Ballots returned to you, please properly complete the Master Ballot as follows:

Provide appropriate information for each of the items on the Master Ballot. Please note that Items, 2, 3, 4 and 5 request information for each individual Beneficial Holder for whom you hold general beneficial holder claims in your name. To identify such Beneficial Holders, please use the customer name and/or account number assigned by you to each such Beneficial Holder.

If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

Sign and Date your Master Ballot.

If you are completing the Master Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.

Provide your name and other requested information.

Deliver the Master Ballot to the Balloting Agent so as to be actually received before the Balloting Deadline of 4:00 P.M. (prevailing Eastern Time), on September 21, 2009.

If you are both the registered holder and the Beneficial Holder of any Subordinated Notes and you wish to vote such Subordinated Notes, you may return either a Beneficial Ballot or a Master Ballot to the Balloting Agent before the Balloting Deadline.

**Pursuant to the Disclosure Statement Orders, all original Beneficial Ballots received from Beneficial Holders must be kept by you until at least one year after the Balloting Deadline (or such other date as is set by subsequent Bankruptcy Court order). You may be ordered to produce the original Beneficial Ballots to the Debtors or the Bankruptcy Court.**

If a Master Ballot is actually received after the Balloting Deadline it will not be counted. The method of delivery of a Master Ballot to the Balloting Agent is at the election and risk of each entity. Instead of effecting delivery by mail, it is recommended, though not required, that you use an overnight or personal delivery service. In all cases, sufficient time should be allowed to assure timely delivery.

**Master Ballots should only be sent to the Balloting Agent.** They should not be sent to the Debtors, the Creditors' Committee any other agent, or the Debtors' or Creditors' Committee's financial or legal advisors.

The Master Ballot is *not* a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Committee's Plan. Beneficial Holders should not surrender their Subordinated Notes at this time. The Balloting Agent will not accept delivery of any Subordinated Notes transmitted with a Master Ballot.

If multiple Master Ballots, Beneficial Ballots or any other ballots are received from or on behalf of the same creditor with respect to the same claims prior to the Balloting Deadline, the latest dated Master Ballot, Beneficial Ballot or any other ballot timely received will supersede and revoke any earlier received Master Ballot, Beneficial Ballot or any other ballot.

No Master Ballot, Beneficial Ballot or any other ballot shall constitute or be deemed to be a proof of claim or an assertion or admission of a claim.

The following rules shall apply to Master Ballots: (i) Votes cast by Beneficial Holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of the Voting Record Date, as evidenced by the record and depository listings; (ii) Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee; (iii) to the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Voting Nominees; (iv) to the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Committee's Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the security; and (v) for purposes of tabulating votes, each Voting Nominee or Beneficial Holder will be deemed to have voted the principal amount relating to such security, although the Balloting Agent may be asked to adjust such principal amount to reflect the claim amount, including prepetition interest.

A creditor must vote all of its claims within a particular Plan class either to accept or reject the Committee's Plan and may not split its vote. Accordingly, a Master Ballot, Beneficial Ballot or any other ballot on behalf of a creditor's claims within the same class purporting to partially reject and partially accept the Committee's Plan will be deemed an acceptance of the Committee's Plan.

Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Master Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Balloting Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Master Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

If you believe you have received the wrong Beneficial Ballot(s) or Master Ballot, please contact the Balloting Agent immediately.

We will, upon request, reimburse you for reasonable customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to the Beneficial Holders for whom you are the Voting Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Beneficial Ballots with respect to the Plan.

PLEASE DELIVER YOUR MASTER BALLOT PROMPTLY.

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE BALLOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE COMMITTEE'S PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, COMMITTEE'S DISCLOSURE STATEMENT, COMMITTEE'S PLAN OR OTHER RELATED MATERIALS, PLEASE CALL THE DEBTORS' BALLOTING AGENT, OMNI MANAGEMENT GROUP, LLC, ATTN: BRIAN OSBOURNE, TELEPHONE (818) 906-8300

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MAGNACHIP SEMICONDUCTOR FINANCE | ) | Case No. 09-12008 (PJW) |
| COMPANY, et al.,[7] | ) | |
| Debtors. | ) | |
| | ) | |

**CLASS 6(D) MASTER BALLOT TO ACCEPT OR REJECT *CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MAGNACHIP SEMICONDUCTOR FINANCE COMPANY, ET AL.***

GENERAL MASTER BALLOT FOR VOTING NOMINEES OF CLASS 6(D) CLAIMS

YOUR MASTER BALLOT MUST BE *ACTUALLY RECEIVED* BY THE BALLOTING AGENT ON OR **BEFORE THE BALLOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME) ON SEPTEMBER 21, 2009 OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

Enclosed is (i) the *Joint Chapter 11 Plan of Reorganization Proposed By the Official Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al.* (the "Committee's Plan") proposed by the Official Committee of Unsecured Creditors (the "Creditors' Committee") and (ii) the *Disclosure Statement in Respect of Joint Chapter 11 Plan of Reorganization Proposed By the Official Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al.* (the "Committee's Disclosure Statement").

The above-captioned debtors and debtors in possession, (collectively, the "Debtors"), have filed the *Disclosure Statement in Respect of Joint Chapter 11 Plan of Liquidation for MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien Collateral Agent* (the "Debtors' Disclosure Statement" and together with the Committee's Disclosure Statement, the "Competing Disclosure Statements") and the *Joint Chapter 11 Plan of Liquidation for MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien* Collateral Agent (the "Debtors' Plan" and together with the Committee's Plan, the "Competing Plans"). On July 31, 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order pursuant to section 1125 of the Bankruptcy Code approving the Debtors' Disclosure Statement (the "Debtors' Disclosure Statement Order"). On August 28, 2009, the

---

[7] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, and their respective addresses, are: MagnaChip Semiconductor Finance Company (4144), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor LLC (5772), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor SA Holdings LLC, 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor, Inc. (8632), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor S.A. (9734), 74 Rue de Merl, B.P. 709, L-2017 Luxembourg; and MagnaChip Semiconductor B.V. (9827), 1043 BW Amsterdam, Naritaweg 165, the Netherlands.

Bankruptcy Court entered an order pursuant to section 1125 of the Bankruptcy Code approving the Committee's Disclosure Statement (the "Committee's Disclosure Statement Order").

**Under the Debtors' Plan, holders of claims in Class 6(D) are not entitled to receive or retain any property on account of such claims and interests in the Debtors and, therefore (i) are deemed to have rejected the Debtors' Plan and (ii) are not entitled to vote on the Debtors' Plan. As such, holders of claims in Class 6(D) are not receiving a ballot with respect to the Debtors' Plan.**

The Bankruptcy Court may confirm either of the Competing Plans if, among other things, it has been accepted by creditors holding claims totaling at least two-thirds in amount and more than one-half in number of all claims in each class voting on such Competing Plan. Even if all classes do not accept a Competing Plan, the Bankruptcy Court may confirm such Competing Plan if the treatment afforded the class or classes rejecting such Competing Plan satisfies the Bankruptcy Code section 1129(b) standard for nonconsensual confirmation. **If the Bankruptcy Court confirms either of the Competing Plans, it will be binding on you.**

Class 6(D) is comprised of the holders of approximately $250 million in aggregate principal amount of senior subordinated notes pursuant to that certain Indenture, dated as of December 23, 2004, providing for the issuance of *8% Senior Subordinated Notes due 2014,* by and among Luxco and Finco, as issuers; the Subordinated Note Trustee; and the Subordinated Note Guarantors (together, the "Subordinated Notes"). This Master Ballot is to be used by you as a broker, bank, dealer or other agent or nominee (each a "Voting Nominee") to transmit the votes of holders ("Beneficial Holders") of the Subordinated Notes. Before you transmit such votes, please carefully review the (i) Committee's Disclosure Statement and (ii) Committee's Disclosure Statement Order.

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Committee's Plan.

**READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE BALLOTING AGENT, BEFORE THE BALLOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME), ON SEPTEMBER 21, 2009. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE BALLOTING DEADLINE AND THE BALLOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.**

You should review the Committee's Disclosure Statement, the Committee's Plan, and the Committee's Disclosure Statement Order before you transmit votes with this Master Ballot. You or the Beneficial Holders for whom you are the Voting Nominee may wish to seek legal advice concerning the Committee's Plan and the classification and treatment of the Subordinated Notes under the Committee's Plan. Holders of claims in more than one class will receive a ballot for each class (or account) in which such holders are entitled to vote.

If the Committee's Plan is confirmed by the Bankruptcy Court, it will be binding on you and the Beneficial Holders for whom you are the Voting Nominee, whether or not such holders vote and whether or not any votes are transmitted by this Master Ballot.

## COMPLETE THE FOLLOWING:

Item 1.

Certification of Authority to Vote. The undersigned certifies that as of July 29, 2009 (the Voting Record Date under the Plan), the undersigned (please check the applicable box):

☐   Is a broker, bank or other nominee for the beneficial holders of the principal amount of the Subordinated Notes listed in Item 2 below, and is the registered holder thereof, or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank or other nominee that is the registered holder of the principal amount of Subordinated Notes listed in Item 2 below, or

☐   Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other nominee, or a beneficial holder, that is the registered holder of the principal amount of the Subordinated Notes listed in Item 2 below,

**and, accordingly, has full power and authority to vote to accept or reject the Committee's Plan, on behalf of the beneficial holders of the Subordinated Notes described in Items 2, 3 and 4.**

Items 2,3 and 4.

Vote and Indication of Whether Beneficial Holder is a U.S. citizen.[8] The undersigned transmits the following for the Beneficial Holders for which the undersigned is the Voting Nominee: (1) votes to accept or reject the Committee's Plan, (2) indications by any Beneficial Holders that such Beneficial Holders are "U.S. Citizens" within the meaning of section 40102 of title 49 of the United States Code and (3) whether such Beneficial Holders elect to opt out of the Plan Release. The undersigned certifies that the Beneficial Holders identified by their respective customer account numbers set forth below are Beneficial Holders of the Subordinated Notes as of the July 29, 2009 record date and have delivered to the undersigned, as Voting Nominee, properly executed beneficial ballots ("Beneficial Ballots") casting such votes on the Committee's Plan and indications by any Beneficial Holders that such Beneficial Holders are U.S. Citizens as the undersigned has set forth below.

Please indicate the requested information in the appropriate column. For purposes of this Master Ballot, accrued or unmatured interest should not be included in the principal amount voted for each account. Please note that each Beneficial Holder must vote all of his, her, or its claim relating to the Subordinated Notes either to accept or reject the Committee's Plan, and may not split such vote. If there is insufficient space, please attach the requested information to this Master Ballot in the form of the table below.

---

[8] The term "Citizen of the United States," as defined in section 40102 of title 49 of the United States Code, means "(A) an individual who is a citizen of the United States; (B) a partnership each of whose partners is an individual who is a citizen of the United States; or (C) a corporation or association organized under the laws of the United States or a State, the District of Columbia, or a territory or possession of the United States, of which the president and at least two-thirds of the board of directors and other managing officers are citizens of the United States, and in which at least 75 percent of the voting interest is owned or controlled by persons that are citizens of the United States." In addition, the U.S. Department of Transportation has interpreted subsection (B) to permit any entity other than an individual to be a partner so long as the entity is a citizen of the United States.

| YOUR Customer Account Number for Each Beneficial Holder | Principal Amount in this Account | Item 2. **Vote on the Committee's Plan:** Check to indicate how beneficial holder voted. | Item 3. Check Column if Beneficial Holder opted out of Plan Release | Item 4. Check column if Beneficial Holder had indicated it is a U.S. Citizen |
|---|---|---|---|---|
| 1. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 2. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 3. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 4. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 5. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 6. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 7. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 8. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 9. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 10. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |

| Item 5 | Transcription. The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Holders in Item 4 of the Beneficial Holder's Beneficial Ballots, identifying any Notes for which such beneficial owners have submitted other ballots other than to the undersigned: |
|---|---|

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Ballot. | Transcribe from Item 4 of the Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Registered Holder of Nominee | CUSIP Number of each Subordinated Note Voted | Principal Amount of Subordinated Notes |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

Item 5.

Certification. By signing this Master Ballot, the undersigned certifies that each Beneficial Holder listed in Items 2, 3 and 4, above, (i) has been provided with a copy of the Committee's Plan, Committee's Disclosure Statement, Committee's Disclosure Statement Order, and a Beneficial Ballot), (ii) acknowledges that the solicitation of votes for the Committee's Plan is subject to all the terms and conditions set forth in the Committee's Disclosure Statement Order and the Committee's Disclosure Statement, (iii) received a properly completed and signed Beneficial Ballot from each Beneficial Holder listed above, (iv) accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Holder, and (v) certifies that under penalty of perjury, its election in Item 4 with respect to U.S. citizenship is truthful and correct.

Name of Broker, Bank or Other Nominee:

_____
(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Broker, Bank or Other Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:

_____

Signature: _____

Print Name: _____

By: _____
                    (If Appropriate)

Title: _____
                    (If Appropriate)

Street Address: _____

_____

City, State, Zip Code: _____

_____

Telephone Number: _(__)_____
                              (Including Area Code)

Date Completed: _____

---

THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE BALLOTING
AGENT, **MAGNACHIP SEMICONDUCTOR, c/o Omni Management Group, LLC, 16161
Ventura Blvd., Ste C, PMB 448, Encino, CA 91436**, BEFORE 4:00 P.M. (PREVAILING
EASTERN TIME), ON SEPTEMBER 21, 2009, OR THE VOTES TRANSMITTED HEREBY
WILL NOT BE COUNTED.

PLEASE NOTE: THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS OR MASTER
BALLOTS BY FACSIMILE TRANSMISSION.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE COMMITTEE'S PLAN OR THE COMMITTEE'S DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL OMNI MANAGEMENT GROUP, LLC, ATTN: BRIAN OSBOURNE, 16161 VENTURA BLVD., STE C, PMB 448, ENCINO, CA 91436, TELEPHONE (818) 906-8300.

## VOTING INSTRUCTIONS

The Master Ballot is to be used by Voting Nominees to transmit on behalf of holders of public securities of the Debtors: (1) votes cast by Beneficial Holders to accept or reject the Committee's Plan referred to in the Committee's Disclosure Statement; and (2) indications by any Beneficial Holders if such Beneficial Holders are U.S. Citizens. The Committee's Disclosure Statement, Committee's Plan, and other related documents are available by contacting the Debtors' Balloting Agent, Omni Management Group, LLC, Attn: Brian Osbourne, 16161 Ventura Blvd., Ste C, PMB 448, Encino, CA 91436, telephone (818) 906-8300. All capitalized terms used in this Master Ballot or in these instructions but not otherwise defined herein have the meaning ascribed to them in the Committee's Disclosure Statement, the Committee's Plans or the Committee's Disclosure Statement Order, as the case may be.

If you are transmitting the vote of any Beneficial Holder other than yourself, you may *either*:

> Complete and execute the Beneficial Holder Ballots (other than Items 2, 3, 4 and 5), including the Voting Nominee's name and beneficial holder account number, and deliver to the Beneficial Holder such "prevalidated" Beneficial Holder Ballots, along with a copy of the Committee's Plan, Committee's Disclosure Statement, and Committee's Disclosure Statement Order and other materials requested to be forwarded. The Beneficial Holder should complete Items 2, 3, 4 and 5 of its prevalidated Beneficial Ballot and return the completed Beneficial Ballot to the Balloting Agent so as to be received before the Balloting Deadline.

### *OR*

> For Beneficial Holder Ballot you do not "pre-validate":

> Deliver the Beneficial Holder Ballot to the Beneficial Holder, along with the Committee's Disclosure Statement and Committee's Plan and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Holder to (i) complete and execute such Beneficial Ballot voting to accept or reject the Committee's Plan and completing the other items as appropriate; and (ii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent so as to be received before the Balloting Deadline of 4:00 P.M. (Prevailing Eastern Time), on September 21, 2009 at the following address:

> MAGNACHIP SEMICONDUCTOR
> C/O OMNI MANAGEMENT GROUP, LLC
> 16161 VENTURA BLVD., STE C
> PMB 448
> ENCINO, CA 91436

With respect to all Beneficial Holder Ballots returned to you, please properly complete the Master Ballot as follows:

> Provide appropriate information for each of the items on the Master Ballot. Please note that Items, 2, 3, 4 and 5 request information for each individual Beneficial Holder for whom you hold general beneficial holder claims in your name. To identify such Beneficial Holders, please use the customer name and/or account number assigned by you to each such Beneficial Holder.

> If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

> Sign and Date your Master Ballot.

> If you are completing the Master Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.

> Provide your name and other requested information.

> Deliver the Master Ballot to the Balloting Agent so as to be actually received before the Balloting Deadline of 4:00 P.M. (prevailing Eastern Time), on September 21, 2009.

> If you are both the registered holder and the Beneficial Holder of any Subordinated Notes and you wish to vote such Subordinated Notes, you may return either a Beneficial Ballot or a Master Ballot to the Balloting Agent before the Balloting Deadline.

**Pursuant to the Disclosure Statement Orders, all original Beneficial Ballots received from Beneficial Holders must be kept by you until at least one year after the Balloting Deadline (or such other date as is set by subsequent Bankruptcy Court order). You may be ordered to produce the original Beneficial Ballots to the Debtors or the Bankruptcy Court.**

If a Master Ballot is actually received after the Balloting Deadline it will not be counted. The method of delivery of a Master Ballot to the Balloting Agent is at the election and risk of each entity. Instead of effecting delivery by mail, it is recommended, though not required, that you use an overnight or personal delivery service. In all cases, sufficient time should be allowed to assure timely delivery.

**Master Ballots should only be sent to the Balloting Agent.** They should not be sent to the Debtors, the Creditors' Committee any other agent, or the Debtors' or Creditors' Committee's financial or legal advisors.

The Master Ballot is *not* a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Committee's Plan. Beneficial Holders should not surrender their Subordinated Notes at this time. The Balloting Agent will not accept delivery of any Subordinated Notes transmitted with a Master Ballot.

If multiple Master Ballots, Beneficial Ballots or any other ballots are received from or on behalf of the same creditor with respect to the same claims prior to the Balloting Deadline, the latest dated Master Ballot, Beneficial Ballot or any other ballot timely received will supersede and revoke any earlier received Master Ballot, Beneficial Ballot or any other ballot.

No Master Ballot, Beneficial Ballot or any other ballot shall constitute or be deemed to be a proof of claim or an assertion or admission of a claim.

The following rules shall apply to Master Ballots: (i) Votes cast by Beneficial Holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of the Voting Record Date, as evidenced by the record and depository listings; (ii) Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee; (iii) to the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Voting Nominees; (iv) to the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Committee's Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the security; and (v) for purposes of tabulating votes, each Voting Nominee or Beneficial Holder will be deemed to have voted the principal amount relating to such security, although the Balloting Agent may be asked to adjust such principal amount to reflect the claim amount, including prepetition interest.

A creditor must vote all of its claims within a particular Plan class either to accept or reject the Committee's Plan and may not split its vote. Accordingly, a Master Ballot, Beneficial Ballot or any other ballot on behalf of a creditor's claims within the same class purporting to partially reject and partially accept the Committee's Plan will be deemed an acceptance of the Committee's Plan.

Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Master Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Balloting Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Master Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

If you believe you have received the wrong Beneficial Ballot(s) or Master Ballot, please contact the Balloting Agent immediately.

We will, upon request, reimburse you for reasonable customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to the Beneficial Holders for whom you are the Voting Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Beneficial Ballots with respect to the Plan.

PLEASE DELIVER YOUR MASTER BALLOT PROMPTLY.

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE BALLOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE COMMITTEE'S PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, COMMITTEE'S DISCLOSURE STATEMENT, COMMITTEE'S PLAN OR OTHER RELATED MATERIALS, PLEASE CALL THE DEBTORS' BALLOTING AGENT, OMNI MANAGEMENT GROUP, LLC, ATTN: BRIAN OSBOURNE, TELEPHONE (818) 906-8300

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MAGNACHIP SEMICONDUCTOR FINANCE | ) | Case No. 09-12008 (PJW) |
| COMPANY, et al.,[9] | ) | |
| Debtors. | ) | |
| | ) | |

**CLASS 6(E) MASTER BALLOT TO ACCEPT OR REJECT *CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MAGNACHIP SEMICONDUCTOR FINANCE COMPANY, ET AL.***

GENERAL MASTER BALLOT FOR VOTING NOMINEES OF CLASS 6(E) CLAIMS

YOUR MASTER BALLOT MUST BE *ACTUALLY RECEIVED* BY THE BALLOTING AGENT ON OR **BEFORE THE BALLOTING DEADLINE OF 4:00 P.M.** (PREVAILING EASTERN TIME) ON SEPTEMBER 21, 2009 OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.

Enclosed is (i) the *Joint Chapter 11 Plan of Reorganization Proposed By the Official Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al.* (the "Committee's Plan") proposed by the Official Committee of Unsecured Creditors (the "Creditors' Committee") and (ii) the *Disclosure Statement in Respect of Joint Chapter 11 Plan of Reorganization Proposed By the Official Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al.* (the "Committee's Disclosure Statement").

The above-captioned debtors and debtors in possession, (collectively, the "Debtors"), have filed the *Disclosure Statement in Respect of Joint Chapter 11 Plan of Liquidation for MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien Collateral Agent* (the "Debtors' Disclosure Statement" and together with the Committee's Disclosure Statement, the "Competing Disclosure Statements") and the *Joint Chapter 11 Plan of Liquidation for MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien* Collateral Agent (the "Debtors' Plan" and together with the Committee's Plan, the "Competing Plans"). On July 31, 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order pursuant to section 1125 of the Bankruptcy Code approving the Debtors' Disclosure Statement (the "Debtors' Disclosure Statement Order"). On August 28, 2009, the

---

[9] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, and their respective addresses, are: MagnaChip Semiconductor Finance Company (4144), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor LLC (5772), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor SA Holdings LLC, 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor, Inc. (8632), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor S.A. (9734), 74 Rue de Merl, B.P. 709, L-2017 Luxembourg; and MagnaChip Semiconductor B.V. (9827), 1043 BW Amsterdam, Naritaweg 165, the Netherlands.

Bankruptcy Court entered an order pursuant to section 1125 of the Bankruptcy Code approving the Committee's Disclosure Statement (the "Committee's Disclosure Statement Order").

**Under the Debtors' Plan, holders of claims in Class 6(E) are not entitled to receive or retain any property on account of such claims and interests in the Debtors and, therefore (i) are deemed to have rejected the Debtors' Plan and (ii) are not entitled to vote on the Debtors' Plan. As such, holders of claims in Class 6(E) are not receiving a ballot with respect to the Debtors' Plan.**

The Bankruptcy Court may confirm either of the Competing Plans if, among other things, it has been accepted by creditors holding claims totaling at least two-thirds in amount and more than one-half in number of all claims in each class voting on such Competing Plan. Even if all classes do not accept a Competing Plan, the Bankruptcy Court may confirm such Competing Plan if the treatment afforded the class or classes rejecting such Competing Plan satisfies the Bankruptcy Code section 1129(b) standard for nonconsensual confirmation. **If the Bankruptcy Court confirms either of the Competing Plans, it will be binding on you.**

Class 6(E) is comprised of the holders of approximately $250 million in aggregate principal amount of senior subordinated notes pursuant to that certain Indenture, dated as of December 23, 2004, providing for the issuance of *8% Senior Subordinated Notes due 2014,* by and among Luxco and Finco, as issuers; the Subordinated Note Trustee; and the Subordinated Note Guarantors (together, the "Subordinated Notes"). This Master Ballot is to be used by you as a broker, bank, dealer or other agent or nominee (each a "Voting Nominee") to transmit the votes of holders ("Beneficial Holders") of the Subordinated Notes. Before you transmit such votes, please carefully review the (i) Committee's Disclosure Statement and (ii) Committee's Disclosure Statement Order.

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Committee's Plan.

**READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE BALLOTING AGENT, BEFORE THE BALLOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME), ON SEPTEMBER 21, 2009. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE BALLOTING DEADLINE AND THE BALLOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.**

You should review the Committee's Disclosure Statement, the Committee's Plan, and the Committee's Disclosure Statement Order before you transmit votes with this Master Ballot. You or the Beneficial Holders for whom you are the Voting Nominee may wish to seek legal advice concerning the Committee's Plan and the classification and treatment of the Subordinated Notes under the Committee's Plan. Holders of claims in more than one class will receive a ballot for each class (or account) in which such holders are entitled to vote.

If the Committee's Plan is confirmed by the Bankruptcy Court, it will be binding on you and the Beneficial Holders for whom you are the Voting Nominee, whether or not such holders vote and whether or not any votes are transmitted by this Master Ballot.

**COMPLETE THE FOLLOWING:**

Item 1.    Certification of Authority to Vote. The undersigned certifies that as of July 29, 2009 (the Voting Record Date under the Plan), the undersigned (please check the applicable box):

☐   Is a broker, bank or other nominee for the beneficial holders of the principal amount of the Subordinated Notes listed in Item 2 below, and is the registered holder thereof, or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank or other nominee that is the registered holder of the principal amount of Subordinated Notes listed in Item 2 below, or

☐   Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other nominee, or a beneficial holder, that is the registered holder of the principal amount of the Subordinated Notes listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Committee's Plan, on behalf of the beneficial holders of the Subordinated Notes described in Items 2, 3 and 4.

Items 2,3 and 4.    Vote and Indication of Whether Beneficial Holder is a U.S. citizen.[10] The undersigned transmits the following for the Beneficial Holders for which the undersigned is the Voting Nominee: (1) votes to accept or reject the Committee's Plan, (2) indications by any Beneficial Holders that such Beneficial Holders are "U.S. Citizens" within the meaning of section 40102 of title 49 of the United States Code and (3) whether such Beneficial Holders elect to opt out of the Plan Release. The undersigned certifies that the Beneficial Holders identified by their respective customer account numbers set forth below are Beneficial Holders of the Subordinated Notes as of the July 29, 2009 record date and have delivered to the undersigned, as Voting Nominee, properly executed beneficial ballots ("Beneficial Ballots") casting such votes on the Committee's Plan and indications by any Beneficial Holders that such Beneficial Holders are U.S. Citizens as the undersigned has set forth below.

Please indicate the requested information in the appropriate column. For purposes of this Master Ballot, accrued or unmatured interest should not be included in the principal amount voted for each account. Please note that each Beneficial Holder must vote all of his, her, or its claim relating to the Subordinated Notes either to accept or reject the Committee's Plan, and may not split such vote. If there is insufficient space, please attach the requested information to this Master Ballot in the form of the table below.

---

[10] The term "Citizen of the United States," as defined in section 40102 of title 49 of the United States Code, means "(A) an individual who is a citizen of the United States; (B) a partnership each of whose partners is an individual who is a citizen of the United States; or (C) a corporation or association organized under the laws of the United States or a State, the District of Columbia, or a territory or possession of the United States, of which the president and at least two-thirds of the board of directors and other managing officers are citizens of the United States, and in which at least 75 percent of the voting interest is owned or controlled by persons that are citizens of the United States." In addition, the U.S. Department of Transportation has interpreted subsection (B) to permit any entity other than an individual to be a partner so long as the entity is a citizen of the United States.

| YOUR Customer Account Number for Each Beneficial Holder | Principal Amount in this Account | Item 2. **Vote on the Committee's Plan:** Check to indicate how beneficial holder voted. | Item 3. Check Column if Beneficial Holder opted out of Plan Release | Item 4. Check column if Beneficial Holder had indicated it is a U.S. Citizen |
|---|---|---|---|---|
| 1. | $ | ☐ **ACCEPT the Plan** <br> ☐ **REJECT the Plan** | | |
| 2. | $ | ☐ **ACCEPT the Plan** <br> ☐ **REJECT the Plan** | | |
| 3. | $ | ☐ **ACCEPT the Plan** <br> ☐ **REJECT the Plan** | | |
| 4. | $ | ☐ **ACCEPT the Plan** <br> ☐ **REJECT the Plan** | | |
| 5. | $ | ☐ **ACCEPT the Plan** <br> ☐ **REJECT the Plan** | | |
| 6. | $ | ☐ **ACCEPT the Plan** <br> ☐ **REJECT the Plan** | | |
| 7. | $ | ☐ **ACCEPT the Plan** <br> ☐ **REJECT the Plan** | | |
| 8. | $ | ☐ **ACCEPT the Plan** <br> ☐ **REJECT the Plan** | | |
| 9. | $ | ☐ **ACCEPT the Plan** <br> ☐ **REJECT the Plan** | | |
| 10. | $ | ☐ **ACCEPT the Plan** <br> ☐ **REJECT the Plan** | | |

Item 5        Transcription. The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Holders in Item 4 of the Beneficial Holder's Beneficial Ballots, identifying any Notes for which such beneficial owners have submitted other ballots other than to the undersigned:

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Ballot. | Transcribe from Item 4 of the Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Registered Holder of Nominee | CUSIP Number of each Subordinated Note Voted | Principal Amount of Subordinated Notes |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

Item 5.        Certification. By signing this Master Ballot, the undersigned certifies that each Beneficial Holder listed in Items 2, 3 and 4, above, (i) has been provided with a copy of the Committee's Plan, Committee's Disclosure Statement, Committee's Disclosure Statement Order, and a Beneficial Ballot), (ii) acknowledges that the solicitation of votes for the Committee's Plan is subject to all the terms and conditions set forth in the Committee's Disclosure Statement Order and the Committee's Disclosure Statement, (iii) received a properly completed and signed Beneficial Ballot from each Beneficial Holder listed above, (iv) accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Holder, and (v) certifies that under penalty of perjury, its election in Item 4 with respect to U.S. citizenship is truthful and correct.

Name of Broker, Bank or Other Nominee:

_____

(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Broker, Bank or Other Nominee (if applicable):

_____

(Print or Type)

Social Security or Federal Tax I.D. No.:

_____

Signature: _____

Print Name: _____

By: _____
                (If Appropriate)

Title: _____
                (If Appropriate)

Street Address: _____

_____

City, State, Zip Code: _____

_____

Telephone Number: __(__)_____
                 (Including Area Code)

Date Completed: _____

---

THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE BALLOTING AGENT, **MAGNACHIP SEMICONDUCTOR, c/o Omni Management Group, LLC, 16161 Ventura Blvd., Ste C, PMB 448, Encino, CA 91436**, BEFORE 4:00 P.M. (PREVAILING EASTERN TIME), ON SEPTEMBER 21, 2009, OR THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.

PLEASE NOTE: THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS OR MASTER BALLOTS BY FACSIMILE TRANSMISSION.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE COMMITTEE'S PLAN OR THE COMMITTEE'S DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL OMNI MANAGEMENT GROUP, LLC, ATTN: BRIAN OSBOURNE, 16161 VENTURA BLVD., STE C, PMB 448, ENCINO, CA 91436, TELEPHONE (818) 906-8300.

## VOTING INSTRUCTIONS

The Master Ballot is to be used by Voting Nominees to transmit on behalf of holders of public securities of the Debtors: (1) votes cast by Beneficial Holders to accept or reject the Committee's Plan referred to in the Committee's Disclosure Statement; and (2) indications by any Beneficial Holders if such Beneficial Holders are U.S. Citizens. The Committee's Disclosure Statement, Committee's Plan, and other related documents are available by contacting the Debtors' Balloting Agent, Omni Management Group, LLC, Attn: Brian Osbourne, 16161 Ventura Blvd., Ste C, PMB 448, Encino, CA 91436, telephone (818) 906-8300. All capitalized terms used in this Master Ballot or in these instructions but not otherwise defined herein have the meaning ascribed to them in the Committee's Disclosure Statement, the Committee's Plans or the Committee's Disclosure Statement Order, as the case may be.

If you are transmitting the vote of any Beneficial Holder other than yourself, you may *either*:

> Complete and execute the Beneficial Holder Ballots (other than Items 2, 3, 4 and 5), including the Voting Nominee's name and beneficial holder account number, and deliver to the Beneficial Holder such "prevalidated" Beneficial Holder Ballots, along with a copy of the Committee's Plan, Committee's Disclosure Statement, and Committee's Disclosure Statement Order and other materials requested to be forwarded. The Beneficial Holder should complete Items 2, 3, 4 and 5 of its pre-validated Beneficial Ballot and return the completed Beneficial Ballot to the Balloting Agent so as to be received before the Balloting Deadline.

> ### OR

> For Beneficial Holder Ballot you do not "pre-validate":

>> Deliver the Beneficial Holder Ballot to the Beneficial Holder, along with the Committee's Disclosure Statement and Committee's Plan and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Holder to (i) complete and execute such Beneficial Ballot voting to accept or reject the Committee's Plan and completing the other items as appropriate; and (ii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent so as to be received before the Balloting Deadline of 4:00 P.M. (Prevailing Eastern Time), on September 21, 2009 at the following address:

>> MAGNACHIP SEMICONDUCTOR
>> C/O OMNI MANAGEMENT GROUP, LLC
>> 16161 VENTURA BLVD., STE C
>> PMB 448
>> ENCINO, CA 91436

With respect to all Beneficial Holder Ballots returned to you, please properly complete the Master Ballot as follows:

Provide appropriate information for each of the items on the Master Ballot. Please note that Items, 2, 3, 4 and 5 request information for each individual Beneficial Holder for whom you hold general beneficial holder claims in your name. To identify such Beneficial Holders, please use the customer name and/or account number assigned by you to each such Beneficial Holder.

If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

Sign and Date your Master Ballot.

If you are completing the Master Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.

Provide your name and other requested information.

Deliver the Master Ballot to the Balloting Agent so as to be actually received before the Balloting Deadline of 4:00 P.M. (prevailing Eastern Time), on September 21, 2009.

If you are both the registered holder and the Beneficial Holder of any Subordinated Notes and you wish to vote such Subordinated Notes, you may return either a Beneficial Ballot or a Master Ballot to the Balloting Agent before the Balloting Deadline.

**Pursuant to the Disclosure Statement Orders, all original Beneficial Ballots received from Beneficial Holders must be kept by you until at least one year after the Balloting Deadline (or such other date as is set by subsequent Bankruptcy Court order). You may be ordered to produce the original Beneficial Ballots to the Debtors or the Bankruptcy Court.**

If a Master Ballot is actually received after the Balloting Deadline it will not be counted. The method of delivery of a Master Ballot to the Balloting Agent is at the election and risk of each entity. Instead of effecting delivery by mail, it is recommended, though not required, that you use an overnight or personal delivery service. In all cases, sufficient time should be allowed to assure timely delivery.

**Master Ballots should only be sent to the Balloting Agent.** They should not be sent to the Debtors, the Creditors' Committee any other agent, or the Debtors' or Creditors' Committee's financial or legal advisors.

The Master Ballot is *not* a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Committee's Plan. Beneficial Holders should not surrender their Subordinated Notes at this time. The Balloting Agent will not accept delivery of any Subordinated Notes transmitted with a Master Ballot.

If multiple Master Ballots, Beneficial Ballots or any other ballots are received from or on behalf of the same creditor with respect to the same claims prior to the Balloting Deadline, the latest dated Master Ballot, Beneficial Ballot or any other ballot timely received will supersede and revoke any earlier received Master Ballot, Beneficial Ballot or any other ballot.

No Master Ballot, Beneficial Ballot or any other ballot shall constitute or be deemed to be a proof of claim or an assertion or admission of a claim.

The following rules shall apply to Master Ballots: (i) Votes cast by Beneficial Holders through a Voting Nominee will be applied against the positions held by such entities in the securities as of the Voting Record Date, as evidenced by the record and depository listings; (ii) Votes submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Voting Nominee; (iii) to the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Voting Nominees; (iv) to the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Committee's Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the security; and (v) for purposes of tabulating votes, each Voting Nominee or Beneficial Holder will be deemed to have voted the principal amount relating to such security, although the Balloting Agent may be asked to adjust such principal amount to reflect the claim amount, including prepetition interest.

A creditor must vote all of its claims within a particular Plan class either to accept or reject the Committee's Plan and may not split its vote. Accordingly, a Master Ballot, Beneficial Ballot or any other ballot on behalf of a creditor's claims within the same class purporting to partially reject and partially accept the Committee's Plan will be deemed an acceptance of the Committee's Plan.

Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Master Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Balloting Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Master Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

If you believe you have received the wrong Beneficial Ballot(s) or Master Ballot, please contact the Balloting Agent immediately.

We will, upon request, reimburse you for reasonable customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to the Beneficial Holders for whom you are the Voting Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Beneficial Ballots with respect to the Plan.

PLEASE DELIVER YOUR MASTER BALLOT PROMPTLY.

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE BALLOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE COMMITTEE'S PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, COMMITTEE'S DISCLOSURE STATEMENT, COMMITTEE'S PLAN OR OTHER RELATED MATERIALS, PLEASE CALL THE DEBTORS' BALLOTING AGENT, OMNI MANAGEMENT GROUP, LLC, ATTN: BRIAN OSBOURNE, TELEPHONE (818) 906-8300

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MAGNACHIP SEMICONDUCTOR FINANCE | ) | Case No. 09-12008 (PJW) |
| COMPANY, et al.,[11] | ) | |
| Debtors. | ) | |
| | ) | |

**CLASS 6(F) MASTER BALLOT TO ACCEPT OR REJECT *CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MAGNACHIP SEMICONDUCTOR FINANCE COMPANY, ET AL.***

GENERAL MASTER BALLOT FOR VOTING NOMINEES OF CLASS 6(F) CLAIMS

YOUR MASTER BALLOT MUST BE *ACTUALLY RECEIVED* BY THE BALLOTING AGENT ON OR **BEFORE THE BALLOTING DEADLINE OF 4:00 P.M.** (PREVAILING EASTERN TIME) ON SEPTEMBER 21, 2009 OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.

Enclosed is (i) the *Joint Chapter 11 Plan of Reorganization Proposed By the Official Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al.* (the "Committee's Plan") proposed by the Official Committee of Unsecured Creditors (the "Creditors' Committee") and (ii) the *Disclosure Statement in Respect of Joint Chapter 11 Plan of Reorganization Proposed By the Official Committee of Unsecured Creditors of MagnaChip Semiconductor Finance Company, et al.* (the "Committee's Disclosure Statement").

The above-captioned debtors and debtors in possession, (collectively, the "Debtors"), have filed the *Disclosure Statement in Respect of Joint Chapter 11 Plan of Liquidation for MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien Collateral Agent* (the "Debtors' Disclosure Statement" and together with the Committee's Disclosure Statement, the "Competing Disclosure Statements") and the *Joint Chapter 11 Plan of Liquidation for MagnaChip Semiconductor Finance Company, et al. and UBS AG, Stamford Branch, as Credit Agreement Agent and Priority Lien* Collateral Agent (the "Debtors' Plan" and together with the Committee's Plan, the "Competing Plans"). On July 31, 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order pursuant to section 1125 of the Bankruptcy Code approving the Debtors' Disclosure Statement (the "Debtors' Disclosure Statement Order"). On August 28, 2009, the

---

[11] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, and their respective addresses, are: MagnaChip Semiconductor Finance Company (4144), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor LLC (5772), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor SA Holdings LLC, 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor, Inc. (8632), 787 N. Mary Avenue, Sunnyvale, CA 94085; MagnaChip Semiconductor S.A. (9734), 74 Rue de Merl, B.P. 709, L-2017 Luxembourg; and MagnaChip Semiconductor B.V. (9827), 1043 BW Amsterdam, Naritaweg 165, the Netherlands.

Bankruptcy Court entered an order pursuant to section 1125 of the Bankruptcy Code approving the Committee's Disclosure Statement (the "Committee's Disclosure Statement Order").

**Under the Debtors' Plan, holders of claims in Class 6(F) are not entitled to receive or retain any property on account of such claims and interests in the Debtors and, therefore (i) are deemed to have rejected the Debtors' Plan and (ii) are not entitled to vote on the Debtors' Plan. As such, holders of claims in Class 6(F) are not receiving a ballot with respect to the Debtors' Plan.**

The Bankruptcy Court may confirm either of the Competing Plans if, among other things, it has been accepted by creditors holding claims totaling at least two-thirds in amount and more than one-half in number of all claims in each class voting on such Competing Plan. Even if all classes do not accept a Competing Plan, the Bankruptcy Court may confirm such Competing Plan if the treatment afforded the class or classes rejecting such Competing Plan satisfies the Bankruptcy Code section 1129(b) standard for nonconsensual confirmation. **If the Bankruptcy Court confirms either of the Competing Plans, it will be binding on you.**

Class 6(F) is comprised of the holders of approximately $250 million in aggregate principal amount of senior subordinated notes pursuant to that certain Indenture, dated as of December 23, 2004, providing for the issuance of *8% Senior Subordinated Notes due 2014,* by and among Luxco and Finco, as issuers; the Subordinated Note Trustee; and the Subordinated Note Guarantors (together, the "Subordinated Notes"). This Master Ballot is to be used by you as a broker, bank, dealer or other agent or nominee (each a "Voting Nominee") to transmit the votes of holders ("Beneficial Holders") of the Subordinated Notes. Before you transmit such votes, please carefully review the (i) Committee's Disclosure Statement and (ii) Committee's Disclosure Statement Order.

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Committee's Plan.

**READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE BALLOTING AGENT, BEFORE THE BALLOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME), ON SEPTEMBER 21, 2009. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE BALLOTING DEADLINE AND THE BALLOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.**

You should review the Committee's Disclosure Statement, the Committee's Plan, and the Committee's Disclosure Statement Order before you transmit votes with this Master Ballot. You or the Beneficial Holders for whom you are the Voting Nominee may wish to seek legal advice concerning the Committee's Plan and the classification and treatment of the Subordinated Notes under the Committee's Plan. Holders of claims in more than one class will receive a ballot for each class (or account) in which such holders are entitled to vote.

If the Committee's Plan is confirmed by the Bankruptcy Court, it will be binding on you and the Beneficial Holders for whom you are the Voting Nominee, whether or not such holders vote and whether or not any votes are transmitted by this Master Ballot.

## COMPLETE THE FOLLOWING:

**Item 1.**    Certification of Authority to Vote. The undersigned certifies that as of July 29, 2009 (the Voting Record Date under the Plan), the undersigned (please check the applicable box):

☐    Is a broker, bank or other nominee for the beneficial holders of the principal amount of the Subordinated Notes listed in Item 2 below, and is the registered holder thereof, or

☐    Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank or other nominee that is the registered holder of the principal amount of Subordinated Notes listed in Item 2 below, or

☐    Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other nominee, or a beneficial holder, that is the registered holder of the principal amount of the Subordinated Notes listed in Item 2 below,

**and, accordingly, has full power and authority to vote to accept or reject the Committee's Plan, on behalf of the beneficial holders of the Subordinated Notes described in Items 2, 3 and 4.**

**Items 2,3 and 4.**    Vote and Indication of Whether Beneficial Holder is a U.S. citizen.[12] The undersigned transmits the following for the Beneficial Holders for which the undersigned is the Voting Nominee: (1) votes to accept or reject the Committee's Plan, (2) indications by any Beneficial Holders that such Beneficial Holders are "U.S. Citizens" within the meaning of section 40102 of title 49 of the United States Code and (3) whether such Beneficial Holders elect to opt out of the Plan Release. The undersigned certifies that the Beneficial Holders identified by their respective customer account numbers set forth below are Beneficial Holders of the Subordinated Notes as of the July 29, 2009 record date and have delivered to the undersigned, as Voting Nominee, properly executed beneficial ballots ("Beneficial Ballots") casting such votes on the Committee's Plan and indications by any Beneficial Holders that such Beneficial Holders are U.S. Citizens as the undersigned has set forth below.

Please indicate the requested information in the appropriate column. For purposes of this Master Ballot, accrued or unmatured interest should not be included in the principal amount voted for each account. Please note that each Beneficial Holder must vote all of his, her, or its claim relating to the Subordinated Notes either to accept or reject the Committee's Plan, and may not split such vote. If there is insufficient space, please attach the requested information to this Master Ballot in the form of the table below.

---

[12] The term "Citizen of the United States," as defined in section 40102 of title 49 of the United States Code, means "(A) an individual who is a citizen of the United States; (B) a partnership each of whose partners is an individual who is a citizen of the United States; or (C) a corporation or association organized under the laws of the United States or a State, the District of Columbia, or a territory or possession of the United States, of which the president and at least two-thirds of the board of directors and other managing officers are citizens of the United States, and in which at least 75 percent of the voting interest is owned or controlled by persons that are citizens of the United States." In addition, the U.S. Department of Transportation has interpreted subsection (B) to permit any entity other than an individual to be a partner so long as the entity is a citizen of the United States.

| YOUR Customer Account Number for Each Beneficial Holder | Principal Amount in this Account | Item 2. **Vote on the Committee's Plan:** Check to indicate how beneficial holder voted. | Item 3. Check Column if Beneficial Holder opted out of Plan Release | Item 4. Check column if Beneficial Holder had indicated it is a U.S. Citizen |
|---|---|---|---|---|
| 1. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 2. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 3. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 4. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 5. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 6. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 7. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 8. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 9. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |
| 10. | $ | ☐ **ACCEPT the Plan** <br><br> ☐ **REJECT the Plan** | | |

Item 5          Transcription. The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Holders in Item 4 of the Beneficial Holder's Beneficial Ballots, identifying any Notes for which such beneficial owners have submitted other ballots other than to the undersigned:

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Ballot. | Transcribe from Item 4 of the Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Registered Holder of Nominee | CUSIP Number of each Subordinated Note Voted | Principal Amount of Subordinated Notes |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

Item 5.          Certification. By signing this Master Ballot, the undersigned certifies that each Beneficial Holder listed in Items 2, 3 and 4, above, (i) has been provided with a copy of the Committee's Plan, Committee's Disclosure Statement, Committee's Disclosure Statement Order, and a Beneficial Ballot), (ii) acknowledges that the solicitation of votes for the Committee's Plan is subject to all the terms and conditions set forth in the Committee's Disclosure Statement Order and the Committee's Disclosure Statement, (iii) received a properly completed and signed Beneficial Ballot from each Beneficial Holder listed above, (iv) accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Holder, and (v) certifies that under penalty of perjury, its election in Item 4 with respect to U.S. citizenship is truthful and correct.

Name of Broker, Bank or Other Nominee:

_____

(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Broker, Bank or Other Nominee (if applicable):

_____

(Print or Type)

Social Security or Federal Tax I.D. No.:

_____

Signature:          _____

Print Name:        _____

By:                 _____
                              (If Appropriate)


Title:              _____
                              (If Appropriate)

Street Address:    _____

                   _____


City, State, Zip Code:    _____

                          _____

Telephone Number:  __(__)_____
                              (Including Area Code)


Date Completed:    _____

THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE BALLOTING
AGENT, **MAGNACHIP SEMICONDUCTOR, c/o Omni Management Group, LLC, 16161
Ventura Blvd., Ste C, PMB 448, Encino, CA 91436**, BEFORE 4:00 P.M. (PREVAILING
EASTERN TIME), ON SEPTEMBER 21, 2009, OR THE VOTES TRANSMITTED HEREBY
WILL NOT BE COUNTED.

PLEASE NOTE: THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS OR MASTER
BALLOTS BY FACSIMILE TRANSMISSION.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE COMMITTEE'S PLAN OR THE COMMITTEE'S DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL OMNI MANAGEMENT GROUP, LLC, ATTN: BRIAN OSBOURNE, 16161 VENTURA BLVD., STE C, PMB 448, ENCINO, CA 91436, TELEPHONE (818) 906-8300.

## VOTING INSTRUCTIONS

The Master Ballot is to be used by Voting Nominees to transmit on behalf of holders of public securities of the Debtors: (1) votes cast by Beneficial Holders to accept or reject the Committee's Plan referred to in the Committee's Disclosure Statement; and (2) indications by any Beneficial Holders if such Beneficial Holders are U.S. Citizens. The Committee's Disclosure Statement, Committee's Plan, and other related documents are available by contacting the Debtors' Balloting Agent, Omni Management Group, LLC, Attn: Brian Osbourne, 16161 Ventura Blvd., Ste C, PMB 448, Encino, CA 91436, telephone (818) 906-8300. All capitalized terms used in this Master Ballot or in these instructions but not otherwise defined herein have the meaning ascribed to them in the Committee's Disclosure Statement, the Committee's Plans or the Committee's Disclosure Statement Order, as the case may be.

If you are transmitting the vote of any Beneficial Holder other than yourself, you may *either*:

> Complete and execute the Beneficial Holder Ballots (other than Items 2, 3, 4 and 5), including the Voting Nominee's name and beneficial holder account number, and deliver to the Beneficial Holder such "prevalidated" Beneficial Holder Ballots, along with a copy of the Committee's Plan, Committee's Disclosure Statement, and Committee's Disclosure Statement Order and other materials requested to be forwarded. The Beneficial Holder should complete Items 2, 3, 4 and 5 of its pre-validated Beneficial Ballot and return the completed Beneficial Ballot to the Balloting Agent so as to be received before the Balloting Deadline.

### OR

For Beneficial Holder Ballot you do not "pre-validate":

> Deliver the Beneficial Holder Ballot to the Beneficial Holder, along with the Committee's Disclosure Statement and Committee's Plan and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Holder to (i) complete and execute such Beneficial Ballot voting to accept or reject the Committee's Plan and completing the other items as appropriate; and (ii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent so as to be received before the Balloting Deadline of 4:00 P.M. (Prevailing Eastern Time), on September 21, 2009 at the following address:

> MAGNACHIP SEMICONDUCTOR
> C/O OMNI MANAGEMENT GROUP, LLC
> 16161 VENTURA BLVD., STE C
> PMB 448
> ENCINO, CA 91436